2020 IL App (1st) 181006-U

No. 1-18-1006

Order filed September 30, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 16803 |
| | ) | |
| KEVIN STANLEY, | ) | Honorable |
| | ) | William G. Lacy, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE GORDON delivered the judgment of the court.
Justices Hall and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The summary dismissal of defendant's postconviction petition at the first stage is affirmed because his claim of ineffective assistance of trial counsel is frivolous and patently without merit where he did not attach an affidavit or other documentation of the witness's proposed testimony.

¶ 2    Defendant Kevin Stanley appeals the circuit court's summary dismissal of his *pro se* postconviction petition at the first stage. He contends he raised an arguable claim his trial counsel

rendered ineffective assistance by failing to investigate and call an eyewitness, Gregory Harrison, who would have contradicted the State's eyewitnesses who identified defendant. We affirm.

¶ 3 Defendant was charged with 14 counts of first degree murder arising out of the fatal shooting of nine-year-old Chastity Turner on June 24, 2009. He was also charged with 10 counts of attempted first degree murder arising out of the non-fatal shootings of Chastity's father, Andre Turner, and another man, Joseph Walker, in the same incident. Following a jury trial, defendant was found guilty of one count of first degree murder and two counts of attempted first degree murder, and was sentenced to a total of 100 years' imprisonment. His convictions were affirmed on direct appeal. *People v. Stanley*, 2016 IL App (1st) 142598-U, ¶ 1.

¶ 4 Defendant does not contest that the shootings occurred. This appeal concerns only defendant's identification as the shooter by eyewitnesses; thus, we recite only the facts necessary to decide this appeal.

¶ 5 At trial, two witnesses, Andre Turner and Donise Robertson, identified defendant as one of the shooters in this incident. Andre testified that, on June 24, 2009, he lived on South Stewart Avenue in Chicago. His daughter Chastity was nine years old at the time.[1]

¶ 6 At approximately 6:45 p.m. that day, Andre and Chastity were washing their dogs outside Andre's house among a larger group of adults and children. It was still light outside. Andre was standing in the driveway when he received a phone call from an individual named "Nosha," and something Nosha said caused Andre to turn around toward the street. He saw a van driving toward

---

[1] Because Andre and Chastity Turner have the same last name, we refer to them by their first names.

him at a "fast" rate of speed. The passenger side of the van was facing toward Andre. There was no glare coming off the van, and the sun was not in Andre's eyes.

¶ 7      The van pulled up with its sliding door open. Andre saw defendant in the front passenger seat of the van with the window down, "hanging a little out of the window," and saw defendant fire a carbine rifle with a wooden stock. Andre had known defendant, whom he identified in court, all his life. Andre was shot in the left bicep and fell to the ground. While he was on the ground, he could still see defendant in the front of the van. As the van drove away, Andre saw Davionne Whitfield, who went by the nickname "Gucci," close the van's sliding door. A friend of Andre's drove him to St. Bernard's Hospital, and Andre woke up later that night at Stroger Hospital. At Stroger, police informed Andre that Chastity had been shot and killed.

¶ 8      Initially, Andre did not cooperate with the investigation of the shooting, and did not identify the shooters to police, because he thought the police were attempting to blame him for the shooting. However, on August 7, 2009, Andre identified defendant as the shooter in the front passenger seat of the van in a lineup conducted at the Area One police station. At trial, he reidentified defendant as the passenger-side shooter in a photograph of the lineup. The photograph of the lineup in which Andre identified defendant was admitted into evidence.

¶ 9      Donise Robertson testified she went to Andre's house at approximately 5:45 p.m. on June 24, 2009, and sat on his porch. At approximately 6 p.m., Robertson saw a van pull up in front of the house. The passenger side of the van was facing her. The van stopped, and Robertson saw the person in the front passenger seat, whom she identified in court as defendant, lean out the window with his right arm extended, and fire a gun. At the time of the shooting, she had known defendant for four or five years. She had a clear, unobstructed view of defendant, and there was nothing

covering his face. Robertson also saw Whitfield, whom she knew as "Gucci Man," shooting through the open side door of the van. Robertson took cover by falling to the floor of the porch, and the van drove away.

¶ 10    When police arrived, Robertson told them defendant and "Gucci Man" were the shooters. Just after midnight on June 25, 2009, Robertson identified defendant as one of the shooters in a photo array at Area One. She reidentified defendant in the photo array at trial. On August 7, 2009, Robertson identified defendant in a lineup at Area One. She reidentified defendant in a photograph of the lineup at trial. The photo array and photograph of the lineup in which Robertson identified defendant were admitted into evidence.

¶ 11    On cross-examination, Robertson testified that none of the people in the van were wearing masks.

¶ 12    On redirect examination, Robertson testified she helped detectives create a diagram of the van "within an hour or two" of the shooting, and drew a stick figure labeled "front passenger, [defendant]." Every time Robertson spoke to the police, she told them defendant had a gun and was firing it during this incident.

¶ 13    Defendant was found guilty of one count of first degree murder for the death of Chastity Turner, and two counts of attempted first degree murder for the shootings of Andre Turner and Joseph Walker. The trial court sentenced defendant to a total of 100 years' imprisonment.

¶ 14    On direct appeal, defendant argued ineffective assistance of trial counsel for failing to object to certain hearsay testimony and allegedly inflammatory remarks made by the State during closing arguments. We rejected defendant's ineffective assistance claims and affirmed his convictions. *Stanley*, 2016 IL App (1st) 142598-U, ¶ 1. We noted "the evidence was

overwhelming," in part because "two eyewitnesses identified defendant as one of the shooters." *Stanley*, 2016 IL App (1st) 142598-U, ¶ 155. Our supreme court denied defendant's petition for leave to appeal. *People v. Stanley*, No. 121869 (Ill. Mar. 29, 2017).

¶ 15 Defendant filed a *pro se* postconviction petition arguing, in relevant part, ineffective assistance of trial counsel for failing to investigate and call Gregory Harrison. Defendant's petition claims "Harrison gave statements to the police stating that the person he saw get out of the passenger side of the van had a 'clown mask' on. This would have raised serious doubts about Turner's and Robertson['s] identification[s of defendant]." Defendant attached to his petition an affidavit from himself, attesting his "recollections * * * and the petition['s] factual averments are true to the best of [his] knowledge and belief." He also attached excerpts of the trial transcript, but no other documents.

¶ 16 The circuit court summarily dismissed the petition at the first stage. With respect to defendant's arguments regarding Harrison, the court found:

"[P]etitioner could have raised this claim on direct appeal, but did not. Therefore, this claim is now waived. *See [People v.] Davis*, 201[4] IL 115595, ¶ 3. In addition, this claim is also speculative because petitioner does not include an affidavit or supporting documentation showing what Harrison would testify to on retrial. In light of the overwhelming evidence of guilt at trial, no prejudice can be shown, and this claim is frivolous and patently without merit."

¶ 17 On appeal, defendant contends the circuit court should not have dismissed his petition at the first stage because he "raised an arguable claim that trial counsel rendered ineffective assistance by failing to investigate and call witness Gregory Harrison to testify because Harrison's testimony

would have contradicted the testimony of the State's key eyewitnesses." Specifically, defendant argues Harrison's statement the shooter was wearing a "clown mask" would have undermined Andre Turner's and Donise Robertson's identifications of defendant, particularly where Robertson testified the shooter did not have anything covering his face, and nobody in the van was wearing a mask.

¶ 18    "The [Post-Conviction Hearing] Act [(Act)] (725 ILCS 5/121-1 *et seq.* (West 2018)) provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated at trial or sentencing." *People v. Dupree*, 2018 IL 122307, ¶ 28. Proceedings under the Act consist of three stages of review. *People v. Johnson*, 2018 IL 122227, ¶ 14.

¶ 19    Here, the circuit court dismissed defendant's petition at the first stage. At the first stage, a defendant's petition must only present the "gist" of a constitutional claim. *People v. Bailey*, 2017 IL 121450, ¶ 18. The circuit court should only dismiss a petition at the first stage if a defendant's claims are " 'frivolous or [are] patently without merit,' " which generally means that the claims have "no arguable basis either in law or in fact." *People v. Boykins*, 2017 IL 121365, ¶ 9 (quoting 725 ILCS 5/122-2.1(a)(2) (West 2014)). Circuit courts must give *pro se* petitions "a liberal construction" at the first stage, and review them " 'with a lenient eye, allowing borderline cases to proceed.' " *People v. Hodges*, 234 Ill. 2d 1, 16-17 (2009) (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)). Upon review, we consider the dismissal of a postconviction petition at the first stage *de novo*. *Boykins*, 2017 IL 121365, ¶ 9.

¶ 20    A criminal defendant has the right to effective assistance of trial counsel. U.S. Const., amend. VI; *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Under *Strickland*, a defendant claiming ineffective assistance must show that counsel's conduct "fell below an objective standard

of reasonableness," and the conduct prejudiced the defendant. *Strickland*, 466 U.S at 687-88, 692. To survive first-stage review, a postconviction petition alleging ineffective assistance of counsel must show "(i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 21     Section 122-2 of the Act provides that a petitioner must "clearly set forth the respects in which petitioner's constitutional rights were violated" and "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2018). Dismissal of a postconviction petition "is proper when the record or other evidence attached to the petition does not support the petitioner's claim." *Dupree*, 2018 IL 122307, ¶ 34. When a postconviction petitioner raises a claim of ineffective assistance based on counsel's failure to call a witness, an affidavit from the proposed witness is required if it is essential to make the necessary showing to support such a claim. See *Dupree*, 2018 IL 122307, ¶ 34. That is the case when the proposed witness counsel allegedly failed to investigate or call is the only source of the new evidence because, without an affidavit, there is no proof such evidence actually exists or would have been helpful to the defense. *Dupree*, 2018 IL 122307, ¶ 40. However, if the nature of the proposed testimony is discernible from the record or other attachments to the petition, the lack of an affidavit from the uncalled witness is not necessarily fatal to the claim. *Dupree*, 2018 IL 122307, ¶ 34.

¶ 22     We find the circuit court's dismissal of defendant's petition was proper because he did not submit an affidavit from Harrison, or any other documentation, such as police reports, establishing that Harrison would testify as defendant claims. The record on appeal provides no indication as to

how Harrison would testify, as his name is only mentioned in the State's answer to discovery with no information about the substance of his testimony. There is also no documentation establishing that Harrison was not contacted by trial counsel, or that he would have been available and willing to testify at trial. Thus, an affidavit from him is essential to establish defendant's claim of ineffective assistance of counsel. " 'In the absence of such an affidavit, a reviewing court cannot determine whether the proposed witness could have provided testimony or information favorable to the defendant, and further review of the claim is unnecessary.' " *People v. Brown*, 2015 IL App (1st) 122940, ¶ 52 (quoting *People v. Enis*, 194 Ill. 2d 361, 380 (2000)).

¶ 23     Defendant's argument that, because he claims ineffective assistance of counsel, "the appropriate affidavit would have come from trial counsel," not Harrison, is incorrect. "To sustain an ineffective assistance of counsel claim for counsel's failure to investigate or present a witness, the defendant's allegation must be supported by an affidavit *from that witness* that contains the witness's proposed testimony" (emphasis added) (*Brown*, 2015 IL App (1st) 122940, ¶ 52), when, as here, the only source of new evidence is that witness's affidavit. See *Dupree*, 2018 IL 122307, ¶ 40. In addition, defendant's petition does not explain why it contains no affidavit from Harrison, in violation of section 122-2. See 725 ILCS 5/122-2 (West 2018). Because defendant failed to establish Harrison would testify as he claims, he cannot demonstrate even arguable prejudice from trial counsel's failure to interview or call Harrison. Thus, his claim of ineffective assistance cannot survive first-stage review. See *Hodges*, 234 Ill. 2d at 17. Accordingly, we affirm the circuit court's dismissal of defendant's petition.

¶ 24     For the foregoing reasons, we affirm the summary dismissal of defendant's postconviction petition.

¶ 25     Affirmed.